UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ERIKA L., | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | )   No. 2:24-cv-00137-SDN |
| | ) |
| LELAND DUDEK, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
|       Defendant | ) |

**REPORT AND RECOMMENDED DECISION**

The Plaintiff in this Supplemental Security Income appeal contends that remand is required because the Administrative Law Judge (ALJ) failed to adequately explain her findings regarding the consistency and supportably of various medical opinions. *See* Plaintiff's Brief (ECF No. 11). For the reasons that follow, I recommend the Court affirm the Commissioner's decision.

**I. Background**

The Plaintiff applied for benefits in February 2020. *See* Record at 17. After her claim was denied at the initial and reconsideration levels of review, the Plaintiff requested a hearing before an ALJ. *See id.* A hearing was held in October 2021, and a supplemental hearing was held in December 2022, following which the ALJ issued a written decision finding the Plaintiff not disabled. *See id.* at 17-27. The ALJ found that the Plaintiff had the severe impairments of Raynaud's disease, chronic abdominal pain, anxiety disorder, post-traumatic stress disorder (PTSD), depressive

1

disorder, and mixed connective tissue disorder. *See id.* at 20. Considering those impairments, the ALJ found that the Plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 416.967(b) with several additional limitations. *See id.* at 22. The ALJ ultimately found that the Plaintiff could perform work existing in significant numbers in the economy with such an RFC and was therefore not disabled. *See id.* at 26-27. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-3, making that decision the final determination of the Commissioner, *see* 20 C.F.R § 416.1481.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III. Discussion

20 C.F.R. § 416.920c(c) outlines the factors an ALJ must consider when evaluating the persuasiveness of a medical opinion. Given the voluminous evidence in most case records, however, an ALJ is generally only required to articulate how she considered the two most important factors: supportability and consistency. *Id.* § 416.920c(b)(2). A medical expert's opinion is more persuasive if it is supported by relevant objective medical evidence and explanations and consistent with evidence from other medical and nonmedical sources. *Id.* § 416.920c(c)(1)-(2).

The Plaintiff contends that the ALJ in this case contravened the articulation requirements of 20 C.F.R. § 416.920c(b)(2) by offering only conclusory statements about how she considered the supportability and consistency of the medical opinions of record while often collapsing or conflating the two factors and failing to identify the specific evidence that supported her conclusions. *See* Plaintiff's Brief at 2-13. These purported articulation errors require remand, the Plaintiff asserts, because they prevent this Court from meaningfully reviewing the ALJ's decision. *See id.* at 4; *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844, 5858 (Jan. 18, 2017) (noting that the purpose of 20 C.F.R. § 416.920c(b)'s "articulation requirements" is to "allow a subsequent reviewer or a reviewing court to trace the path of an adjudicator's reasoning").

The Plaintiff is correct that the ALJ's explanations for the weight she gave the medical opinions of record are fairly minimal when viewed in isolation. *See* Record at 26 (finding the opinions of the Plaintiff's treating physician

3

Jay Allen, M.D., "not persuasive as they are neither consistent with nor supported by the longitudinal treatment records, including [Dr. Allen's] own treatment notes"); *id.* at 25 (finding the hearing testimony of nonexamining medical expert Jill Silverman, M.D., persuasive "as it is consistent with and supported by the longitudinal treatment record including the [Plaintiff's] conditions, medication treatment, surgical history, and the reported improvement in more recent records"); *id.* (finding the opinions of agency nonexamining psychological consultants Mary Alyce Burkhart, Ph.D., and Brian Stahl, Ph.D., "persuasive, as they are consistent with and supported by treatment notes that report a case manager was suggested specifically to help the [Plaintiff] obtain disability benefits (and not as a necessity to help the [Plaintiff] maintain independence), the generally unremarkable mental status examinations, and the fact that the [Plaintiff] was able to maintain her mental health on an outpatient basis"); *id.* at 25-26 (finding the opinions of agency nonexamining medical experts Archibald Green, D.O., and Donald Trumbull, M.D., "generally persuasive, as they are mostly in line with the assessment of . . . Dr. Silverman, although her restrictions have been relied on as the doctor who has most recently reviewed the file").

But the fundamental problem with the Plaintiff's hyperfocus on these specific sentences is that the ALJ's decision is properly read as a whole. *See West v. Berryhill*, No. 17-1170, 2017 WL 6499834, at *1 (1st Cir. Dec. 11, 2017) ("[T]he court considers the ALJ's decision as a whole when determining whether substantial evidence supported the ALJ's findings."); *Christopher B. v. Berryhill*, No. 2:17-cv-00502-JAW,

2018 WL 5786210, at *3 n.2 (D. Me. Nov. 4, 2018) (rec. dec.) ("[I]t is proper to read the ALJ's decision as a whole, and it would be a needless formality to have the ALJ repeat substantially similar factual analyses." (cleaned up)), *aff'd*, 2019 WL 97019 (D. Me. Jan. 3, 2019); *see also Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion."). Bolstering the ALJ's discussion of the medical opinion evidence is her extensive discussion of the Plaintiff's testimony, medical records, treatment and medication history, and activities of daily living, in which she noted various inconsistencies between the evidence and the level of alleged functional impairment and explained the basis of the limitations she ultimately included in her RFC assessment. *See* Record at 22-26. When viewed all together, the ALJ's decision demonstrates her consideration of evidence bearing on the consistency and supportability of the various medical opinions and leaves little doubt as to her reasons for assigning the weight she did to those opinions.

To the extent the Plaintiff attempts to demonstrate otherwise by pointing out that the ALJ collapsed or conflated the meaning of the words "supportability" and "consistency," or did not always use those precise words when discussing an opinion, *see* Plaintiff's Brief at 5-13, this Court and others have consistently rejected similar arguments, *see Kyah M. v. Colvin*, No. 2:24-cv-00064-NT, 2025 WL 289185, at *3 (D. Me. Jan. 24, 2025) (rec. dec.) ("Although it is true that the ALJ did not always explicitly use the words 'supportability' and 'consistency,' his decision makes clear that he considered both of those factors and this Court has previously rejected the

magic words approach seemingly advocated for by the [claimant]."), *aff'd sub nom.*, *Kyah M. v. King*, 2025 WL 460781 (D. Me. Feb. 11, 2025); *Kyle K. v. O'Malley*, No. 2:23-cv-00044-JAW, 2024 WL 356910, at *3 (D. Me. Jan. 31, 2024) (rec. dec.) (rejecting a claimant's argument that the ALJ failed "to evaluate the consistency of [a medical expert's] opinion" because the argument did not "take into account the ALJ's decision as a whole," which contained "a thorough discussion of the evidence" and indicated "clearly enough" that the ALJ "found the opinion inconsistent with the evidence" "even if she did not explicitly use the word 'consistency'" (cleaned up)), *aff'd*, 2024 WL 1092998 (D. Me. Mar. 13, 2024); *see also Darling v. Kijakazi*, No. 22-35594, 2023 WL 4103935, at *2 (9th Cir. June 21, 2023) ("An ALJ is not required to incant the 'magic words' of 'supportability' and 'consistency' in [her] findings."); *Cardoza v. O'Malley*, No. 23-CV-11266-NMG, 2024 WL 4648254, at *13 (D. Mass. Aug. 8, 2024) (rec. dec.) ("[The claimant] disparages the ALJ's determination as a 'summary rejection' of the [medical expert's opinion]. But the ALJ's decision reflects a thorough and logical weighing of inferences to be drawn from the extensive record before the ALJ. The decision leaves little to the imagination regarding the ALJ's reasons for finding the [opinion] unpersuasive." (citation omitted)), *aff'd*, 2024 U.S. Dist. LEXIS 209984 (D. Mass. Sept. 10, 2024); *Richardson v. Saul*, 565 F. Supp. 3d 154, 168-69 (D.N.H. 2021) (holding that, even where "the ALJ's discussion of the supportability of [the medical expert's] opinion was minimal" and appeared "to have collapsed and conflated the supportability and consistency factors," it was nevertheless "sufficient to satisfy" the regulatory articulation requirements); *Nicole C. v. Saul*, No.

6

19-127JJM, 2020 WL 57727, at *6-7 (D.R.I. Jan. 6, 2020) (rec. dec.) (finding that an ALJ's "skimpy[] statement" that a medical opinion was "consistent with, and well supported by, the longitudinal record" was nevertheless sufficient to satisfy regulatory articulation requirements because it was "backed up by the ALJ's decision read as a whole, which tap[ped] into the record at length and in detail" and included "a detailed discussion of [the claimant's] reports of daily activities, the nature and scope of treatment and the many treating observations"), *aff'd*, ECF No. 13 (D.R.I. Jan. 23, 2020).[1]

At bottom, while it is always preferable for the ALJ to provide "more explanatory detail," I "see no reason to return this case for the purely formulaic purpose of having the ALJ write out what seems plain on a review of" her decision. *Shaw v. Sec'y of Health & Hum. Servs.*, No. 93-2173, 1994 WL 251000, at *5 (1st Cir. June 9, 1994); *see also Farley v. Astrue*, No. 06-221-P-H, 2007 WL 4608723, at *3 (D. Me. Dec. 28, 2007) (affirming an ALJ's decision because there was "no reason to think that different outcome would ensue on remand for a longer written analysis" even though "a more comprehensive" explanation would have been "more comforting to a reviewing court"); *Frustaglia v. Sec'y of Health & Hum. Servs.*, 829 F.2d 192, 195 (1st Cir. 1987) (affirming an ALJ's decision even where "more express findings" by the ALJ would have been "preferable"); *Nat'l Ass'n of Home Builders v. Defs. of*

---

[1] The Plaintiff relies heavily on *Vazquez v. Kijakazi*, No. 3:20-cv-30176-KAR, 2022 WL 952764, at *14-15 (D. Mass. Mar. 30, 2022), a case in which a district court remanded an ALJ's decision for failing to explain sufficiently how she considered the supportability and consistency of various medical opinions. I decline to follow *Vazquez* to the extent it supports a heightened articulation requirement because such a requirement would be against the weight of authority from this Court and other district courts in the First Circuit. I am likewise unpersuaded by the out-of-circuit caselaw cited by the Plaintiff.

*Wildlife*, 551 U.S. 644, 658 (2007) ("We will . . . uphold a decision of less than ideal clarity if the agency's path may be reasonably discerned." (cleaned up)).

## IV.  Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: March 18, 2025

<u>/s/ Karen Frink Wolf</u>
United States Magistrate Judge
